CARMEL WINE CO. v. PALESTINE HEBREW WINE CO.

(Circuit Court, S. D. New York. April 8, 1908.)

TRADE-MARKS AND TRADE-NAMES—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction granted restraining defendant from infringing certain trade-marks and trade-names used by complainant to distinguish its wines, on a prior adjudication establishing the validity of other trade-marks similarly used and claimed by it.

In Equity. Motion for preliminary injunction.

Walter F. Rogers, for complainant.
Morris E. Gossett, for defendant.

HOLT, District Judge. It is the practice in this court to refuse injunctions in patent and trade-mark cases when there has been no case brought to final hearing and decision involving the validity of the patent or trade-mark. If, therefore, there had been no such case involving substantially the validity of the trade-marks on which this suit is brought, this motion for a preliminary injunction would ordinarily be denied; and in this case it would undoubtedly have been denied in deference to the decisions of the New York Supreme Court at Special Term and in the Appellate Division, on a similar application for a preliminary injunction. But in the case of Jewish Colonization Association v. Solomon (C. C.) 154 Fed. 157, the essential questions involved in this suit were tried and decided. The Carmel Wine Company, the complainant in this case, was one of the complainants in that case, and it was there held that the Carmel Wine Company had a trade-mark in the names "Carmel" and "Rishon-le-Zion"; that those names were not geographical names, in the sense of the trade-mark law; and that the names "Carmel" and "Rishon-le-Zion" were valid trade-marks of the Carmel Wine Company.

The facts set forth in the affidavits upon this motion, in respect to the other names by which the complainant distinguishes its wines, such as "Tabor," "Esra," "Rehoboth," "Lebanon," "Akron," and "Pinah," show that they are, for the same reasons, valid trade-marks of the complainant. The evidence also establishes that the Carmel Wine Company adopted these trade-marks as early as 1900; that they have built up a large and valuable business; that no wines were known to the trade by these Jewish names until they were used by the complainant; that the defendant never began to use these names until about 1906; that they began with labels which were essentially different from the Carmel Wine Company's; and that since then they have gradually adopted labels, forms of bottles, and methods of arranging the seals and putting up their product which more and more resemble the complainant's. The proof shows the usual attempt by an infringer to imitate a successful trade-mark closely enough to deceive the public, or at least a portion of the public, while skillfully preserving some points of difference, upon which to claim, when sued, that there is no infringement. The defendant has a right to sell wines from Palestine, but it ought to put up its wines in such a manner that nobody would mistake them for those of the complainant.

The motion for a preliminary injunction is granted.